UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY WOODROFFE,

    Plaintiff,

v.                                                                   Case No: 8:16-cv-2321-T-36TGW

BIANCA GUERRIER ANKOH, LAURA
HALE, DONNA BERLIN, DEPARTMENT
OF REVENUE, DEPARTMENT OF
REVENUE, LIZABETH LYNN LOTSEY,
JUDITH CHILDS, ANN L. VEECHIO,
FLORIDA DEPARTMENT OF REVENUE,
DEBRA JOHNES RIVA, LEE
HAYWORTH, NANCY DONELLAN,
ROCHELLE CURLEY, MALINDA
PARKER OTTINGER, NORMAN LEVIN,
KAREN RUSHING, UNIDENTIFIED
JUDGE, CYNTHIA BARRY, FLORIDA
DEPARTMENT OF ENFORCEMENT,
WHIDBEY NEWS TIMES, JESSIE
STENSLAND, LISA WHITE, TODD
BOWDEN, TRENT TERRY and FLORIDA
DEPARTMENT OF LAW
ENFORCEMENT,

    Defendants.
_____/

## **O R D E R**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Thomas G. Wilson on September 27, 2016. Doc. 14. In the Report and Recommendation, Magistrate Judge Wilson recommends that the Court:

(1)  deny the construed motion to proceed *in forma pauperis*; and

(2)  close the case because the Court does not have jurisdiction to hear contempt proceedings in state-court support cases.

Plaintiff has objected to the Report and Recommendation. Doc. 16.

I.  **BACKGROUND**

Plaintiff, *pro se,* Gary Woodroffe ("Woodroffe") seeks to remove from Sarasota County Circuit Court a contempt proceeding for failure to pay child support. The Notice of Removal, like all new civil cases, requires the payment of a $400 filing fee. The movant has not paid that fee and instead submitted with the Notice of Removal an "Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis," which the Clerk's Office has construed as a motion to proceed *in forma pauperis*. Doc. 2.

In the Report and Recommendation, the Magistrate Judge notes that the movant has previously attempted to remove state-court cases to this Court. Doc. 14. In fact, one of the cases sought to be removed was the Sarasota County Circuit Court child support case that gave rise to the contempt proceeding that the movant seeks to remove in this case. The prior removed cases were remanded to state court.

After the Sarasota County case was remanded, the Florida Department of Revenue filed a motion for contempt for the failure to pay child support, as a court had previously ordered. Doc. 13 at 31. The motion was set for hearing on September 6, 2016. *Id*. at 32. At that point, Plaintiff sought to remove the contempt proceedings that had been initiated in the Sarasota County case. Plaintiff asserts that the "Federal Removal is triggered by RESPONDENT'S [criminal] MOTION FOR CONTEMPT and NOTICE OF HEARING dated 9-6-2016" and it "removes the [Criminal] State Motion for Contempt." Doc. 1 at 10-11.

II.  **STANDARD OF REVIEW**

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

### III.   DISCUSSION

Here, Plaintiff's objections[1] are not a model of clarity. Doc. 16. For instance, Plaintiff appears to object due to a foreclosure hearing in state court, which is totally unrelated to the Magistrate Judge's Report and Recommendation. *See* Doc. 16 at 16-18. Nevertheless, it appears that Plaintiff disputes the finding that this Court lacks subject matter jurisdiction. Doc. 16 at 16. Additionally, Plaintiff argues that the Court should have requested an "Amended Notice of Removal" if his removal was lacking. *Id.* And while Plaintiff concedes that the lack of a "pleadings" was procedural error, he argues that this "error" should not have defeated subject matter jurisdiction. *Id.* at 15.

In the Report and Recommendation, the Magistrate Judge recommended denial of Plaintiff's motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be

---

[1] Plaintiff's objections span nineteen pages of nearly incomprehensible statements and/or arguments followed by an additional forty-four pages of exhibits.

granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review, the Court finds no error in the Magistrate Judge's recommendation in regard to the denial of the motion to proceed *in forma pauperis.* Therefore, to the extent Plaintiff objects to this finding, it will be overruled.

In the Report and Recommendation, the Magistrate Judge also recommends dismissal of this case for lack of subject matter jurisdiction, regardless of Plaintiff's indigent status. Plaintiff objects to this finding. Plaintiff's objection is without merit, as his attempt to remove the contempt proceeding from state court to this Court is impermissible. The Supreme Court has extended the *Younger* abstention doctrine to state court contempt proceedings. *See Juidice* v. *Vail,* 430 U.S. 327, 338, 97 S. Ct. 1211, 51 L.Ed.2d 376 (1977). The Court further noted that interference with state court contempt proceedings "is an offense to the State's interest" and "can readily be interpreted as reflecting negatively" upon the state courts. *Id.* at 336 (citations and quotation marks omitted). In *Asher v. A. G. Edwards & Sons. Inc.*, 272 Fed. Appx. 357, 358 (5th Cir. 2008), the Fifth Circuit noted that the reasons why a state court motion for contempt is not removable "are obvious." The Fifth Circuit further added that this "means that federal courts should not address the merits of a state court motion for contempt, because to do so would transgress the very principle of federalism the rule seeks to protect." *Id.* Upon review, the Court finds no error in the Magistrate Judge's recommendation that dismissal of the case for lack of subject matter jurisdiction is warranted. As such, Plaintiff's objection will be overruled.

In general, courts hold *pro se* pleadings to a less stringent standard and therefore construe complaints more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*). Even applying this liberal standard, Plaintiff's attempt to remove a state contempt proceeding cannot state a plausible claim for relief, as this Court has no jurisdiction to hear such an action. Therefore, an amendment in the instant case would prove futile. *Bryant v. Dupree*, 252

F.3d 1161, 1163 (11th Cir. 2001)(holding that a court need not allow an amendment where it would be futile). This case is due to be dismissed because this Court lacks subject matter jurisdiction. Accordingly, the Court adopts the Magistrate Judge's recommendation.

**IV.   CONCLUSION**

For the reasons stated above, it is hereby **ORDERED**:

1. Plaintiff's objections to the Report and Recommendation are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 14) is **adopted, confirmed, and approved**, in all respects, and is made a part of this Order for all purposes, including appellate review.

3. Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2) is **DENIED.**

4. Plaintiff's Notice of Removal (Doc. 1) is **DISMISSED**.

5. The Clerk is directed to terminate all pending motions and deadlines and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on November 10, 2016.

Charlene Edwards Honeywell
United States District Judge

Copies to:
The Honorable Thomas G. Wilson
Counsel of Record